WO

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Emmanuel Niyomwungere, et al., | No. CV-24-02809-PHX-DJH |
| Plaintiffs, | **ORDER** |
| v. | |
| Alejandro Mayorkas, et al., | |
| Defendants. | |

Defendants Alejandro Mayorkas, Ur M. Jaddou, Ted H. Kim and Merrick B. Garland ("Defendants") have moved to dismiss the Complaint filed by Plaintiffs Emmanuel Niyomwungere, Ninette Nezerwe, Michaela Charlie Irisa Niyo, and Rafael Chael Iriho Niyo ("Plaintiffs") (Doc. 1) for lack of subject matter jurisdiction and failure to state a claim. (Doc. 15). The matter is fully briefed. (Docs. 20 & 24). The Court denies Defendants' Motion, in part, for the following reasons.

**I.    Background[1]**

Plaintiffs allege that they are asylum seekers from Burundi and that the United States Citizenship and Immigration Services ("USCIS") has failed to adjudicate their asylum applications. (Doc. 1 at ¶ 1). They note that their applications have been pending for over four years and seven months (over 55 months or 1686 days).[2] (*Id.*) Plaintiffs

---

[1] Unless otherwise indicated, these facts are taken from Plaintiff's Complaint (Doc. 1). When evaluating a motion to dismiss, the court "accept[s] as true the well-pleaded factual allegations in the complaint." *Ebner v. Fresh, Inc.*, 838 F.3d 958, 962 (9th Cir. 2016) (citation omitted).

[2] Plaintiffs state that they filed their asylum application on March 6, 2020. (Doc. 1 at ¶ 4).

allege that Defendants have violated the Administrative Procedures Act, 5 U.S.C. §§ 701 *et. seq.* by failing to adjudicate their application in the 180-day period that the Immigration and Nationality Act ("INA"), 8 U.S.C. § 1158(d)(5)(A)(iii) proscribes. (*Id*. at ¶¶ 2, 24). Plaintiffs specifically allege that Defendants have violated the APA as they are "unlawfully withholding action on the Plaintiffs' Application for a period of over four years and seven months (over 55 months or 1686 days) and have failed to carry out the adjudicative functions that are delegated to them by law with regard to Plaintiffs' case." (*Id*. at 27). While Plaintiffs seek a Writ of Mandamus on the first page of their Complaint, they do not make any specific arguments related to Mandamus relief aside from mentioning that 28 U.S.C. § 1361 (the Mandamus statute) allows for federal jurisdiction here. (*Id*. at ¶ 9). Defendants seek to dismiss Plaintiffs' Complaint in its entirety. (Doc. 15).

## II.     Legal Standard

### A.     Subject Matter Jurisdiction

A motion to dismiss under Rule 12(b)(1) tests the subject matter jurisdiction of the court. *See Savage v. Glendale Union High Sch*., 343 F.3d 1036, 1039–40 (9th Cir. 2003). The plaintiff must show that the court in question has jurisdiction to hear their case. *See Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). The plaintiff bears the burden of "proving by a preponderance of the evidence that each of the requirements for subject-matter jurisdiction has been met." *Leite v. Crane Co*., 749 F.3d 1117, 1121 (9th Cir. 2014). A court must dismiss a plaintiff's complaint if it fails to establish subject matter jurisdiction. *Savage*, 343 F.3d at 1039 n.2.

Jurisdictional challenges can be either facial or factual. *See Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004). A facial attack "accepts the truth of the plaintiff's allegations but asserts that they are insufficient on their face to invoke federal jurisdiction." *Salter v. Quality Carriers, Inc*., 974 F.3d 959, 964 (9th Cir. 2020) (internal quotation marks and citation omitted). "By contrast, a factual attack contests the truth of the plaintiff's factual allegations, usually by introducing evidence outside the pleadings." *NewGen, LLC v. Safe Cig, LLC*, 840 F.3d 606, 614 (9th Cir. 2016) (internal quotation

marks and citations omitted) (emphasis in original).[3]

### B. Failure to State a Claim

A motion to dismiss for failure to state a claim under Rule 12(b)(6) requires the Court to evaluate the legal sufficiency of a plaintiff's claims. *Cook v. Brewer*, 637 F.3d 1002, 1004 (9th Cir. 2011). This test requires that the plaintiff present "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). These facts must "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged" with "more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.*

A complaint "must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Id.* (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). A complaint that provides "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. Nor will a complaint suffice if it presents nothing more than "naked assertions" without "further factual enhancement." *Id.* at 557. The Court must accept all well-pleaded factual allegations as true and interpret the facts in the light most favorable to the plaintiff. *Shwarz v. United States*, 234 F.3d 428, 435 (9th Cir. 2000). That rule does not apply, however, to legal conclusions. *Iqbal*, 556 U.S. at 678. If the court dismisses a claim for failure to state a claim, it must then determine whether to grant leave to amend. *See Telesaurus VPC, LLC v. Power*, 623 F.3d 998, 1003 (9th Cir. 2010).

---

[3] Defendant's Motion appears to be a facial attack because they argue that: (1) "the INA explicitly provides that these timeframes are not enforceable against the government" and (2) "courts have recognized that though . . . the plain language of the statute makes it clear that the timing requirements [of the INA] are not mandatory[.]" (Doc. 15 at 8–9). Furthermore, Defendants do not attack the truth of the plaintiff's factual allegations nor do they attempt to introduce evidence outside the pleadings. *See NewGen*, 840 F.3d at 614.

  **C. The Administrative Procedures Act and Mandamus Act**

  The APA allows courts to "compel agency action unlawfully withheld or unreasonably delayed."5 5 U.S.C. § 706(1). "[A] court may compel [delayed] agency action under the APA when the agency (1) has 'a clear, certain, and mandatory duty' and (2) has unreasonably delayed in performing such duty." *Vaz v. Neal*, 33 F.4th 1131, 1136 (9th Cir. 2022) (citations omitted) (quoting *Plaskett v. Wormuth*, 18 F.4th 1072, 1082 (9th Cir. 2021)). "Relatedly, to compel governmental action under the Mandamus Act, a court must find that '(1) the plaintiff's claim is clear and certain; (2) the duty is "ministerial and so plainly prescribed as to be free from doubt"; and (3) no other adequate remedy is available.' " *Infracost Inc. v. Blinken*, 732 F. Supp. 3d 1240, 1251 (S.D. Cal. 2024) (quoting *Or. Nat. Res. Council v. Harrell*, 52 F.3d 1499, 1508 (9th Cir. 1995)).

  "The relief sought under the Mandamus Act and under § 706(1) of the APA is 'essentially the same[,]" so, "when a complaint seeks relief under the Mandamus Act and the APA and there is an adequate remedy under the APA, [a court] may elect to analyze the APA claim only." *Id*. (citing *Indep. Mining Co. v. Babbitt*, 105 F.3d 502, 507 (9th Cir. 1997)). The APA and Mandamus Act offer the same remedy Plaintiffs seek—the compulsion of unreasonably delayed agency action (Doc. 1 at 6); so, the Court may analyze both claims under the APA alone. *See id*.; *see also Shahijani v. Laitinen*, 2023 WL 6889774, at *2 (C.D. Cal. Oct. 6, 2023) ("Where, as here, a plaintiff seeks identical relief under the APA and the Mandamus Act, courts routinely elect to analyze both claims under the APA only."). "If Plaintiffs' APA claim fails, their claim under the Mandamus Act fails as well." *Id*. (citing *Vaz*, 33 F.4th at 1138–39).

**III. Discussion**

  Defendants argue that (1) the Court does not have jurisdiction over Plaintiffs' APA claim; (2) Plaintiffs fail to state an APA claim for unreasonable delay; and (3) fail to state any additional claims such as the Mandamus and Due Process claims asserted "in passing." (Doc. 15 at 8–9, 16). Plaintiffs respond that the Court does have jurisdiction over their APA claim, plausibly allege an unreasonable delay claim under the APA, and state a valid

Mandamus Act claim. (Doc. 20 at 7, 9, 14). The Court will address each argument in turn.

### A. The APA

Defendants argue both that (1) the Court does not have jurisdiction over Plaintiffs' APA claim; and (2) Plaintiffs fail to state an APA claim for unreasonable delay. Neither argument requires dismissal at this stage.

#### 1. Jurisdiction Under the APA

The APA generally "does not provide an independent basis for subject matter jurisdiction[.]" *Tucson Airport Auth. v. Gen. Dynamics Corp.*, 136 F.3d 641, 645 (9th Cir. 1998). However, under 5 U.S.C. § 706(1), federal courts have jurisdiction to review a claim that agency action has been "unlawfully withheld or unreasonably delayed." *Plaskett v. Wormuth*, 18 F.4th 1072, 1081 (9th Cir. 2021) (quoting 5 U.S.C. § 706(1)). Such a claim "can proceed only where a plaintiff asserts that an agency failed to take a ***discrete*** agency action that it is ***required*** to take." *Norton v. S. Utah Wilderness All.*, 542 U.S. 55, 64 (2004) (emphasis added). So, "[a] court can compel agency action under this section only if there is 'a specific, unequivocal command' placed on the agency to take a 'discrete agency action,' and the agency has failed to take that action." *Vietnam Veterans of Am. v. Cent. Intelligence Agency*, 811 F.3d 1068, 1075-76 (9th Cir. 2016) (citations omitted)). To qualify as an action the agency is "required to take," the action must be legally obligated and "so clearly set forth that it could traditionally have been enforced through a writ of mandamus." *Hells Canyon Pres. Council v. U.S. Forest Serv.*, 593 F.3d 923, 932 (9th Cir. 2010).

Furthermore, under the INA, once an asylum application is filed, USCIS is required to hold an interview within 45 days and adjudicate the application within 180 days unless there are "exceptional circumstances" under the INA. *See* 8 U.S.C. §§ 1158(d)(5)(A)(ii) & (iii).[4] "The use of the word 'shall' with respect to adjudication of an asylum application

---

[4] The Court notes that it may review Plaintiff's APA claims because the "no private right of action" provision contained in the INA, 8 U.S.C. § 1158(d)(7) (prohibiting private substantive or procedural rights of action), does not negate the discrete agency action required of USCIS. *See Kullab*, 2025 WL 901943, at *2 (citing *Denisov v. Mayorkas*, 2024 WL 3522047, at *3 (N.D. Cal. July 23, 2024); *see also Varol v. Radel*, 420 F. Supp. 3d 1089, 1096 (S.D. Cal. 2019) (finding "[w]hile [§ 1158(d)(7)] denies Plaintiff any private

- 5 -

and the time frame for conducting an interview for an asylum application in the statute and regulations demonstrates that the adjudication of asylum applications is ***not*** a discretionary act." *Hui Dong v. Cuccinelli*, 2021 WL 1214512, at *2 (C.D. Cal. Mar. 2, 2021) (emphasis added); *see also Ou v. Johnson*, 2016 WL 7238850, at *3 (N.D. Cal. Feb. 16, 2016) ("[P]rocessing [plaintiff's] asylum application was a 'discrete agency action that [USCIS was] required to take.' ").

Here, Plaintiff alleges that Defendants have a statutory duty to adjudicate asylum applications within 180 days of filing under 8 U.S.C. § 1158(d)(5)(A)(iii) and that Defendants have failed to meet this duty. (Doc. 1 at ¶¶ 20, 24). They specifically allege that their asylum applications have been pending for "over four years and seven months (over 55 months or 1686 days)"—over nine times the maximum statutory period they are given to adjudicate asylum applications. (*Id*. at ¶ 25). Plaintiffs specifically allege that Defendants have violated the APA by unlawfully withholding action on their asylum applications and "have failed to carry out the adjudicative functions that are delegated to them by law with regard to Plaintiffs' case." (*Id*. at ¶ 26).

Upon review, the Court finds that Plaintiffs have plausibly alleged a claim for relief under the APA as they have alleged that Defendants (1) have a duty to take a discrete action and (2) have unreasonably delayed taking said discrete action: processing their asylum claims. *See Plaskett*, 18 F.4th at 1081; *see also Kullab v. United States Dep't of Homeland Sec*., 2025 WL 901943, at *5 (N.D. Cal. Mar. 25, 2025) ("the adjudication of asylum applications is not a discretionary act and there is jurisdiction under the APA to consider [the plaintiff's] claim on the merits.").

### 2.   **Unreasonable Delay**

Courts within the Ninth Circuit applies the *TRAC* factors to determine whether agency delays are unreasonable. *See Independence Mining Co. v. Babbitt*, 105 F.3d 502, 507–11; *see also Telecomms. Research & Action Ctr.* ("*TRAC*") *v. F.C.C.*, 750 F.2d 70, 80

---

cause of action under the INA, the Court retains subject matter jurisdiction" because "unlike other subsections of the INA, § 1158(d)(7) does not expressly preclude judicial review.").

(D.C. Cir. 1984). Defendants argue that Plaintiffs have failed to state a claim for unreasonable delay under the APA utilizing the *TRAC* factors. (Doc. 15 at 9). Plaintiff argues that evaluating the *TRAC* factors is a fact-intensive inquiry that should not occur at the pleading stage. (Doc. 20 at 9 (citing *Kang v. Jaddou*, 2022 WL 2189634 (C.D. Cal. Apr. 25, 2022)). The Court agrees that analyzing the *TRAC* factors at this juncture is premature.

"[A] court may compel [delayed] agency action under the APA when the agency (1) has 'a clear, certain, and mandatory duty' and (2) has unreasonably delayed in performing such duty." *Wasae v. Rubio*, 2025 WL 1413781, at *2 (W.D. Wash. May 15, 2025) (quoting *Vaz v. Neal*, 33 F.4th 1131, 1135 (9th Cir. 2022)). Under *TRAC*, the reasonableness of an agency's delay is evaluated considering:

> (1) the time agencies take to make decisions must be governed by a "rule of reason";
>
> (2) where Congress has provided a timetable or other indication of the speed with which it expects the agency to proceed in the enabling statute, that statutory scheme may supply content for this rule of reason;
>
> (3) delays that might be reasonable in the sphere of economic regulation are less tolerable when human health and welfare are at stake;
>
> (4) the court should consider the effect of expediting delayed action on agency activities of a higher or competing priority;
>
> (5) the court should also take into account the nature and extent of the interests prejudiced by delay; and
>
> (6) the court need not "find any impropriety lurking behind agency lassitude in order to hold that agency action is "unreasonably delayed."

*TRAC*, 50 F.2d at 80 (citations omitted).

District courts within this circuit disagree as to whether the *TRAC* factors should be analyzed to resolve a motion to dismiss. *See Ortiz v. U.S. Dep't of State*, 2023 WL 4407569, at *7 (D. Idaho July 7, 2023). Some courts have declined to analyze the factors at the 12(b) stage to determine whether a delay is unreasonable but others have done so to determine whether a plaintiff has stated a plausible claim for an unreasonable delay. *Compare Gonzalez v. Paul*, 2021 WL 6119256, at *10 (D. Or. Apr. 8, 2021) (declining to

analyze *TRAC* factors and concluding facts best resolved at summary judgment stage), *with Motaghedi v. Pompeo*, 436 F. Supp. 3d 1345, 1359 (E.D. Cal. 2020) (analyzing the *TRAC* factors to resolve motion to dismiss).

Defendant argues that the Court should utilize the *TRAC* factors and proceed to engage in a fact intensive argument as to each factor. (Doc 15 at 9–15). Defendant makes such argument as Plaintiffs may "seek employment authorization, among other benefits" as well as that "Plaintiffs fail to acknowledge USCIS's use of a second track for scheduling affirmative asylum interviews, permitting some of the oldest pending cases to be completed in chronological order." (*Id*. at 10, 13). The Court finds that these are issues for summary judgment—not a motion to dismiss—as the *TRAC* factors require an intensive balancing of factors which depend on the facts of each case.[5] *See CRVQ v. U.S. Citizenship & Immigration Servs*., 2020 WL 8994098, at *6 (C.D. Cal. Sep. 24, 2020) (finding that the "*TRAC* test is fact-intensive, and courts have declined to resolve whether the *TRAC* test has been satisfied at the pleadings stage, including with respect to immigration applications."); *see also Gonzalez v. Paul*, 2021 WL 6119256, at *10 ("the court is convinced the reasonableness of delay in a Section 706 claim depends on the facts of each case and is best resolved at the summary judgment stage."). Thus, the Court will not address the *TRAC* factors at this stage.

**B.    The Mandamus Act**

While many courts in this circuit seem to have dismissed a plaintiff's Mandamus claim when their APA claim is not plausibly alleged, *see e.g.*, *Shahijani*, 2023 WL 6889774, at *2, it does not appear that this rule works in the reverse. In other words, if an APA claim is plausibly alleged, the Court should still address a defendant's arguments related to the plaintiff's Mandamus claim separately. *See Kashkool v. Chertoff*, 553 F. Supp. 2d 1131, 1135 (D. Ariz. 2008) ("Because Plaintiff is entitled to relief under the APA,

---

[5] Circuit courts outside of the Ninth Circuit have come to the same conclusion. *See Barrios Garcia v. U.S. Dep't of Homeland Sec*., 25 F.4th 430, 451 (6th Cir. 2022) ("[a] claim of unreasonable delay is necessarily fact dependent and thus sits uncomfortably at the motion to dismiss stage and should not typically be resolved at that stage.") (quoting *Gonzalez v. Cuccinelli*, 985 F.3d 357, 375 (4th Cir. 2021)).

the Court could avoid reaching Plaintiff's claim for relief under the Mandamus Act. The Court, however, chooses to address this claim.") (citations omitted).

A district court has original jurisdiction "to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff." 28 U.S.C. § 1361. Such relief "is available . . . only if: (1) the individual's claim is clear and certain; (2) the official's duty is nondiscretionary, ministerial, and so plainly prescribed as to be free from doubt, and (3) no other adequate remedy is available." *Patel v. Reno*, 134 F.3d 929, 931 (9th Cir. 1997). The Mandamus Act "is intended to provide a remedy only if the plaintiff has exhausted all other avenues of relief and only if the defendant owes him a nondiscretionary duty." *Heckler v. Ringer*, 466 U.S. 602, 603–04 (1984).

The INA expressly prohibits a private right of action based on the government's failure to comply with the timeframes for setting an interview or issuing a decision on an asylum application set forth in Section 1158(d)(5)(A)(ii)-(iii). 8 U.S.C. § 1158(d)(7). District courts in this circuit have held that Section 1158(d)(7) of the INA, its "no private right of action" provision, forecloses relief under the Mandamus Act but not under the APA. *See Hui Dong*, 2021 WL 1214512, at *2–3 ("Accordingly, the Court denies Defendants' Motion to dismiss Plaintiff's APA claim for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) . . . Accordingly, the Court dismisses Plaintiff's Mandamus Act claim for lack of jurisdiction."). That is because plaintiffs asserting their "clear and certain claim" fail to satisfy this prong due to the no private right of action provision contained in Section 1158(d)(7). *See id.* (citing *Siwen Zhang v. Cissna*, 2019 WL 3241187, at *4 (C.D. Cal. Apr. 25, 2019)).

Plaintiffs Complaint makes no specific allegations as to its Mandamus claim. (*See* Doc. 1). Instead, they focus on their APA claim. (*Id.*) In their Response, they argue that "Plaintiffs' claim is indisputable in this case, as there is no question that USCIS has a nondiscretionary duty to adjudicate the application within a reasonable period of time." (Doc. 20 at 14). Plaintiff's argument does little to save their naked assertion of a Mandamus claim, however. *See Border Chicken AZ LLC v. Nationwide Mut. Ins. Co.*, 501

F. Supp. 3d 699, 702 (D. Ariz. 2020) (stating that all allegations must be raised in the pleadings and that the inclusion of new allegations in the response was "particularly inexcusable" since plaintiff had ample opportunity to amend the complaint).

Furthermore, because Plaintiffs seek relief under the Mandamus Act through the INA, which contains a no private right of action provision (8 U.S.C. § 1158(d)(7)), their claim for relief fails because they cannot satisfy the first prong regarding a "clear and certain" claim as required under the Mandamus Act. *See Hui Dong*, 2021 WL 1214512, at *3; *see also Kullab*, 2025 WL 901943, at *4 ("Courts in this District have consistently held that the INA's prohibition of private rights of action precludes claims for Mandamus relief seeking to force adjudication of asylum applications.") (collecting cases). Thus, Plaintiff's Mandamus claim is dismissed.[6]

Accordingly,

**IT IS ORDERED** that Defendants' Motion to Dismiss (Doc. 15) is **GRANTED in part** and **DENIED in part**. Plaintiff's Mandamus claim is **DISMISSED** but her claim under the Administrative Procedures Act remains.

Dated this 7th day of July, 2025.

Honorable Diane J. Humetewa
United States District Judge

---

[6] The Court will not allow Plaintiffs leave to amend because any amendment to their Mandamus claim would be futile. *See Carrico v. City and Cty. of San Francisco*, 656 F.3d 1002, 1008 (9th Cir. 2011) (leave to amend "is properly denied [where] amendment would be futile."); *see also Kullab*, 2025 WL 901943, at *4 ("the INA's prohibition of private rights of action precludes claims for Mandamus relief seeking to force adjudication of asylum applications.").